UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William McDowell, ) | |
| ) | C/A No.: 5:13-709-SB-KDW |
| Petitioner, ) | |
| ) | |
| -v- ) | REPORT AND RECOMMENDATION |
| ) | |
| Darlene Drew, Warden, ) | |
| FCI Bennettsville, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on the Motion for Default Judgment filed by Petitioner, William McDowell ("Petitioner"), on June 20, 2013, ECF No. 11, to which Respondent responded on June 24, 2013, ECF No. 14. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC. Because this Motion is dispositive, the undersigned submits this Report and Recommendation ("Report") for the court's consideration.

Petitioner, who is incarcerated at the Federal Correctional Institute in Bennettsville, South Carolina ("FCI Bennettsville"), filed a Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. In an Order dated April 18, 2013, the court authorized service of the Petition, instructing the Clerk of Court ("Clerk") to serve the Petition upon Respondent, the Warden of FCI-Bennettsville, and upon the United States Attorney for the District of South Carolina by service through the court's Electronic Filing System ("ECF"). *See* Apr. 18, 2013 Serve Order, ECF No. 7. The court's Serve Order further instructed that the Clerk "also serve the § 2241 Petition and [the Serve Order] by registered or certified mail to the Attorney General of the United States in compliance with Rule 4(i) of the Federal Rules of Civil Procedure." *Id.* at 1 (noting "Rule 4(i) applies to habeas cases under Rule 81(a)(4)(A) of the Federal Rules of Civil

Procedure to the extent that the practice in such proceedings 'is not specified in a federal statute, [or] the Rules Governing Section 2254 Cases . . . .'"). The Serve Order instructed Respondent to "file an answer or other response to the Petition as soon as reasonably possible but no later than fifty (50) days from the date of service." *Id.*

On June 20, 2013, the court received from Petitioner a Motion for Default Judgment, in which he noted Petitioner had been served April 18, 2013 and that, as of June 18, 2013, Respondent had not met the deadline of responding to the Petition within 50 days. Pet'r's Mot. Default 1, ECF No. 11. Petitioner seeks default judgment in his favor and requests that the court "grant [his] writ of habeas corpus and enter an order for [his] immediate release." *Id.* at 2. Upon receipt of the Motion, the court instructed the Clerk to inquire regarding service of the Petition upon Respondent. Upon investigation, Respondent, through the United States Attorney's Office, advised it was electronically served by ECF, but that, "the case had inadvertently not been forwarded" to the appropriate divisions of the United States Attorney's Office for response. Respondent sought an extension of time within which to file a response to the Petition. *See* Resp't's Mot. for Extension of Time, ECF No. 13. Respondent also filed a response to Petitioner's Motion for Default, ECF No. 14. The court granted Respondent's Motion for Extension of Time, making the response to the Petition due July 22, 2013, ECF No. 15, and now considers Petitioner's Motion for Default.

Respondent submits Petitioner's Motion for Default should be denied in accordance with Rule 55(d) of the Federal Rules of Civil Procedure, which provides as follows:

> (d) Judgment Against the United States. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

Fed. R. Civ. P. 55(d). As noted by Respondent, the court's view of subsection (d) of Rule 55 is more restrictive than motions for default judgment as to defendants other than the United States, its officers, and agencies. Default judgment against the United States ordinarily will not be entered based solely on a failure to file an answer or responsive pleading. *See, e.g., Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2702 (3d ed.1998) ("When the government's default is due to a failure to plead or otherwise defend, the court typically either will refuse to enter a default or, if a default is entered, it will be set aside.").

Here, the court finds Respondent's failure to timely respond was inadvertent and not willful. Respondent acted quickly and diligently upon learning of the missed deadline. At this juncture, Petitioner has not "establishe[d] a claim or right to relief that satisfies the court[,]" *cf.* Fed. R. Civ. P. 55(d), or that he is entitled to the relief he seeks. Petitioner has not been prejudiced, and the court should consider Petitioner's Petition for habeas relief on its merits. Accordingly, the undersigned recommends Petitioner's Motion for Default, ECF No. 11, be denied.

IT IS SO RECOMMENDED.

June 25, 2013                                                                                 Kaymani D. West
Florence, South Carolina                                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

3