UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William McDowell, | ) | C/A No. 5:13-cv-00709-SB-KDW |
| Petitioner, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Darlene Drew, Warden, | ) | |
| Respondent. | ) | |

On March 18, 2013, Petitioner William McDowell ("Petitioner" or "McDowell"), filed this pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Motion for Summary Judgment filed on July 19, 2013. ECF No. 26. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Petitioner on July 22, 2013, of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 27. On January 10, 2014, Petitioner filed a response in opposition to Respondent's motion. ECF No. 43. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 26, be GRANTED.

I.      Factual and Procedural Background

Petitioner is presently confined in the Federal Correctional Institution ("FCI") Yazoo City-Low in Yazoo City, MS. Petitioner was named in an eleven-count Superseding Indictment

charging him, in relevant part, with (1) mortgage fraud conspiracy, in violation of 18 U.S.C. § 371 (Count One); (2) mail fraud, in violation of 18 U.S.C. § 1341 & §2 (Counts Four and Five); and (3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 7). ECF No. 26-1 at 3. On June 2-3, 2008, Petitioner proceeded to trial, and on June 3, 2008 was found guilty on Counts One, Four, Five, and Seven. *Id.* On March 30, 2009, Petitioner was sentenced to three terms of 108 months imprisonment on Counts Four, Five, and Seven and 60 months imprisonment on Count One, all to run concurrently. *Id.* at 4. Petitioner appealed his conviction arguing he was denied a speedy trial and erroneously sentenced. ECF No. 1 at 2. Petitioner's conviction and sentence was affirmed by the Fourth Circuit on July 16, 2010. ECF No. 26-4 at 4. On November 12, 2010, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 asserting ineffective assistance of counsel. ECF No. 1 at 4. Petitioner's 28 U.S.C. § 2255 motion was denied by the District Court on November 22, 2010. *Id.* Petitioner appealed this decision to the Fourth Circuit, and Petitioner's appeal was dismissed on May 31, 2011. ECF No. 26-4 at 4.

II.     Discussion

A. Federal Habeas Issues

Petitioner filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on March 18, 2013, and raises the following issue, quoted verbatim:

GROUND ONE: Petitioner is being detained illegally based on a non-existent offense.

Supporting Facts: In light of recent Supreme Court and Fourth Circuit precedent, Petitioner's money laundering convictions can no longer be sustained. (Please see attached memorandum of law).

ECF No. 1 at 6-7. Petitioner asks that the court "vacate and/or set aside [his] money laundering convictions and enter an order directing the Bureau of Prisons to release him immediately." *Id.* at 8.

    B. Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court

can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.  Analysis

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate or ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Respondent contends that Petitioner cannot meet the second prong of the *In re Jones* test and therefore argues that Petitioner cannot bring a § 2241 petition "asserting a *Santos*[1] based attack on his money laundering conspiracy conviction." ECF No. 26-1 at 7. Respondent argues that *Santos* was decided before Petitioner filed his direct appeal and his first § 2255 motion and

---

[1] In *United States v. Santos*, 553 U.S. 507 (2008), a plurality of the Supreme Court limited the term "proceeds" in the federal money laundering statute to profits. *Id.* at 523. The Court held that because the term was ambiguous, the rule of lenity applied, and thus forfeitures applied to profits and not receipts. *Id.*

therefore Petitioner had the opportunity to present arguments based on *Santos* in his direct appeal and § 2255 motion. ECF No. 26-1 at 10.

Respondent argues that Petitioner's trial began on June 2, 2008, and the United States Supreme Court handed down its decision in *United States v. Santos*, 553 U.S. 507 (June 2, 2008), on this same date. ECF No. 26-1 at 8. Respondent argues that Petitioner's *Santos* claim was not foreclosed at the time he pursued his direct appeal[2] on March 23, 2009, or his 28 U.S.C. § 2255 motion[3] on November 12, 2010, and therefore Petitioner's § 2241 Petition should be dismissed for lack of subject matter jurisdiction. *Id.*

In response, Petitioner contends that he meets the second prong of the *In Re Jones* test and argues that when *Santos* was decided its holding was confined "to the specific circumstances surrounding Santos: Illegal Gambling," and that the Fourth Circuit in his direct appeal stated that they "declined to extend the holding in *Santos*." ECF No. 43 at 2. Petitioner argues that it was not until the Fourth Circuit's decision in *U.S. v. Cloud*, 680 F.3d 396 (4th Cir. 2012) that Petitioner's money-laundering conviction was deemed illegal, and therefore this argument was not available to be presented in his direct appeal and his § 2255 petition. *Id.*

In *Cloud*, the defendant was convicted on multiple counts, including three counts of mail fraud, thirteen counts of bank fraud, and six counts of money laundering. 680 F.3d at 399. The Fourth Circuit, applying the holding in *Santos* as interpreted by *United States v. Halstead*, 634 F.3d 270 (4th Cir. 2011), reversed the substantive money laundering convictions where they were based on transactions that involved the "past and essential expenses of Cloud's mortgage

---

[2] Respondent contends that Petitioner's direct appeal, which was subsequently rejected by the Fourth Circuit, "argued that *Santos* should apply to his case and the amount of loss for sentencing purposes should have been the 'net loss.'" ECF No. 26-1 at 8.

[3] Respondent argues that Petitioner's § 2255 motion, filed two years after his conviction and the filing of the *Santos* decision, did not raise any arguments based on the decision in *Santos*. ECF No. 26-1 at 9.

fraud payment," namely Cloud paying the "recruiters, buyers, and coconspirators for services performed." *Id.* at 408. The Fourth Circuit found that an impermissible merger occurred on those facts where Cloud was charged and convicted of fraud offenses and money laundering offenses. *Id.* However, the Fourth Circuit explained that *Santos* does not apply to conspiracy offenses because conspiracy offenses do not rely on specific transactions that are the cause of a merger problem. *Id.*

Respondent avers that Petitioner's argument concerning the *Cloud* decision "overlooks the fact that *Cloud* merely applied the *Santos* decision," and therefore Petitioner cannot use *Cloud* decision "as an excuse to make his *Santos* based claim in a § 2241 petition." ECF No. 26-1 at 10.

The undersigned finds that Petitioner is unable to the meet the three-pronged test outlined in *In Re Jones* to establish that a motion under § 2255 is inadequate or ineffective to test the legality his conviction. The undersigned finds that Petitioner fails to satisfy the second prong of *In Re Jones* by showing that "subsequent to [his] direct appeal and first § 2255 motion" the substantive law changed such that the conduct of which he was convicted was deemed not to be criminal. The undersigned finds that the *Santos* decision, which forms the basis of Petitioner's § 2241 Petition, was issued prior to Petitioner filing his direct appeal and § 2255 motion. The undersigned further finds that the holding in *Cloud* does not provide a substantive law change, as the decision in *Cloud* is based on the holding in *Santos*; therefore, the *Cloud* decision did not restart the time in which Petitioner could file a § 2241 petition based on the holding in *Santos*. The undersigned, therefore, recommends that Petitioner's § 2241 Petition be dismissed.

III.    Conclusion

For the reasons discussed above, it is recommended that Respondent's Motion for Summary Judgment, ECF No. 26, be granted and the Petition dismissed.

IT IS SO RECOMMENDED.

January 15, 2014                                              Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**