IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| William McDowell, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:13-709-SB |
| v. ) | |
| ) | **ORDER** |
| Darlene Drew, Warden, ) | |
| ) | |
| Respondent. ) | |



This matter is before the Court on Petitioner William McDowell's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, wherein he asks the Court to vacate his money laundering conspiracy conviction pursuant to the United States Supreme Court's decision in United States v. Santos, 553 U.S. 507, 528 (2008), and the Court of Appeals for the Fourth Circuit's subsequent decision in United States v. Cloud, 680 F.3d 396 (4th Cir. 2012). The record includes the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C. In the R&R, which was filed on January 15, 2014, Magistrate Judge Kaymani D. West recommends that the Court grant the Respondent's motion for summary judgment (Entry 26). Attached to the R&R was a notice advising the Petitioner of the right to file specific, written objections to the R&R within fourteen days of the date of being served with a copy of the R&R. See 28 U.S.C. § 636(b)(1). The Petitioner filed timely objections, and the matter is ripe for review.

**BACKGROUND**

The Petitioner was named in an eleven-count superseding indictment that charged him with (1) mortgage fraud conspiracy in violation of 18 U.S.C. § 371 (count one); (2) mail

fraud in violation of 18 U.S.C. §§ 1341 and 1342 (counts four and five); and (3) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (count seven). The Petitioner proceeded to trial on June 2-3, 2008, and was convicted on the aforementioned counts. The Court sentenced the Petitioner on March 30, 2009, to three terms of 108 months' imprisonment on counts four, five, and seven, and sixty months' imprisonment on count one, all to run concurrently. The Petitioner appealed his conviction and sentence, arguing that he was denied a speedy trial and that he was sentenced erroneously. The Fourth Circuit Court of Appeals affirmed his conviction and sentence on July 16, 2010.[1]

On November 12, 2010, the Petitioner filed a motion pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel.[2] The motion was denied on November 22, 2010, and the Petitioner appealed. The Fourth Circuit dismissed the Petitioner's appeal on May 31, 2011. The Petitioner filed the instant section 2241 petition on March 18, 2013.

## STANDARD OF REVIEW

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for such objection. Id.

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek

---

[1] The Fourth Circuit declined to extend the holding of Santos in the Petitioner's direct appeal. United States v. McDowell, 388 F. App'x 283, 285 (4th Cir. 2010).

[2] The Petitioner did not raise a Santos argument in his section 2255 motion.

2

habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, when section 2255 "proves inadequate or ineffective to test the legality of detention," a federal prisoner may pursue relief pursuant to section 2241.[3] In re Vial, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." Id. at 1194, n. 5.

The Fourth Circuit has identified circumstances when a federal prisoner may use a section 2241 petition to attack the legality of a conviction. Specifically, section 2255 is inadequate or ineffective–meaning that a petitioner may use section 2241–when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In the R&R, the Magistrate Judge agreed with the Respondent that the Petitioner cannot meet the three-pronged test from In re Jones to establish that a motion under section 2255 is inadequate or ineffective to test the legality of his conviction. Specifically, the Magistrate Judge found that the Petitioner cannot establish the second prong, namely, that subsequent to his direct appeal and first section 2255 motion the substantive law

---

[3] This principle is found in the oft-referenced "savings clause" of section 2255. See 28 U.S.C. § 2255(e).

changed such that the conduct of which he was convicted was deemed not to be criminal. The Magistrate Judge noted that Santos was issued prior to the Petitioner's direct appeal and first section 2255 motion. In addition, the Magistrate Judge found that the Fourth Circuit's decision in Cloud, which was based on Santos, did not provide a substantive law change that would restart the time for the Petitioner to file a section 2241 petition.

The Petitioner objects to the Magistrate Judge dismissing his case on procedural grounds rather than dealing with the merits, and he "objects to this whole sentencing farce." (Entry 47 at 2.) After consideration, the Court finds the Petitioner's objections to be without merit.

In Santos, the United States Supreme Court affirmed the vacatur of the defendants' money laundering convictions after concluding that the offenses merged with the defendants' convictions for operating an illegal gaming business. 553 U.S. 507. In 2012, the Fourth Circuit applied Santos in a mortgage fraud case where a jury convicted the defendant of three counts of mail fraud, thirteen counts of bank fraud, and six counts of money laundering. See Cloud, 680 F.3d 396. In Cloud, the Fourth Circuit reversed the *substantive* money laundering convictions where they were based on transactions that involved the "past and essential expenses of Cloud's mortgage fraud payment," namely, paying the "recruiters, buyers, and coconspirators for services performed." Id. at 408. The Fourth Circuit found that an impermissible merger occurred where Cloud was charged and convicted of fraud offenses and money laundering offenses. A merger problem can occur when a person is convicted "for paying the 'essential expenses of operating' the underlying crime." Santos, 553 U.S. at 528. As the Magistrate Judge noted, the Fourth Circuit indicated in Cloud that Santos does not apply to conspiracy offenses because conspiracy

4

charges do not rely on specific transactions that are the cause of the merger problem. Cloud, 680 F.3d at 408.

Here, the Court agrees with the Magistrate Judge that the Petitioner has failed to show that section 2255 is inadequate or ineffective to test the legality of his conviction. First, the Petitioner failed to raise his Santos argument in his section 2255 motion. Second, the Petitioner cannot meet the second prong of the In re Jones test because he has failed to show that the substantive law has changed. The Petitioner was charged with a money laundering conspiracy, not the substantive charge of money laundering, and thus there was no merger problem as addressed in Cloud. Moreover, because Cloud and Santos do not apply to conspiracy offenses, the settled law has not changed to make the Petitioner "actually innocent" of the money laundering conspiracy. See also Hines v. Drew, 2013 WL 5467578, *5 (D.S.C. Sept. 30, 2013) (holding the same).

## CONCLUSION

Based on the foregoing, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts and incorporates the Magistrate Judge's R&R (Entry 44). The Court grants the Respondent's motion for summary judgment (Entry 26) and overrules the Petitioner's objections (Entry 47).

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February 27, 2014
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.